ALEJANDRO BARAJAS (SBN: 305870)
1930 Wilshire Boulevard, Suite 1207
Los Angeles, CA 90057
Phone: (323) 522-4188
Fax: (323) 849-3394
Email: alejandro@barajaslawoffice.com

*Attorney for Petitioner*

**UNITED STATES DISTRICT COURT FOR THE**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NATALIE ROUSE LOPEZ ORTIZ**<br><br>Petitioner(s),<br><br>vs.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General; DAVID VENTURELLA, Acting Director, ICE; and WARDEN, Adelanto ICE Processing Center.<br><br>Respondent(s). | Case No.:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[28 U.S.C. § 2241] |

Petitioner Natalie Rouse Lopez Ortiz ("Petitioner"), by and through undersigned counsel, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 to remedy her unlawful civil immigration detention, and alleges as follows:

## INTRODUCTION

1. This is a petition for a writ of habeas corpus challenging the unlawful civil detention of a young Special Immigrant Juvenile who is being held without bond, and without any individualized hearing, on the theory that a woman who entered the United States, passed a credible-fear screening, was released, and complied with supervision for many months is an "applicant for admission" who may be jailed indefinitely. Petitioner is detained under INA § 236(a); and even if she were held under § 235(b), the Constitution forbids her prolonged detention. Detained since March 4, 2026, now approaching six months, with no adjudicator ever having found her a danger or flight risk and no reasonably foreseeable removal, Petitioner asks the Court to order her release under reasonable conditions of supervision or, at minimum, to require the individualized bond hearing she has been denied.

2. Petitioner is a 20-year-old native and citizen of Peru who has lived in the United States since on or about December 10, 2023, has an approved Special Immigrant Juvenile (SIJ) petition (Form I-360), and an application for asylum, withholding of removal, and protection under the Convention Against Torture (Form I-589) that the Immigration Judge denied on July 9,

2026 and that she has appealed to the Board of Immigration Appeals. She is not serving any criminal sentence. She has not been convicted of any crime.

3. Petitioner is nonetheless detained without bond at the Adelanto ICE Processing Center. At a bond hearing on or about April 10, 2026, the Immigration Judge denied bond for *lack of jurisdiction under INA § 235(b)*, treating Petitioner as an "applicant for admission" subject to mandatory detention, pursuant to *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025). To the extent Respondents alternatively rely on INA § 236(c), 8 U.S.C. § 1226(c), as amended by the Laken Riley Act, Pub. L. No. 119-1 (2025), Petitioner stands charged in a single, unadjudicated felony complaint (Cal. Penal Code § 487(a)) on which she has entered no plea and has not been convicted or sentenced. Subjecting her to no-bond mandatory detention on the basis of an unproven accusation, with no individualized determination of danger or flight risk, is unlawful.

4. Both rationales are unlawful. Petitioner is properly detained under INA § 236(a), 8 U.S.C. § 1226(a), the discretionary, bond-eligible detention provision, and is entitled to an individualized bond hearing. Detaining her indefinitely and without a constitutionally adequate hearing, on the basis of an unadjudicated accusation and her manner of entry, violates the INA and the Due Process Clause of the Fifth Amendment.

5. Petitioner seeks an order directing Respondents to release her or, at minimum, to provide a constitutionally adequate individualized bond hearing before an Immigration Judge at which she is treated as eligible for release under § 236(a).

## JURISDICTION

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus); 28 U.S.C. § 1331 (federal question); Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause); and the Fifth Amendment. Petitioner is in Respondents' custody in violation of the laws and Constitution of the United States.

7. The jurisdiction-channeling provisions of 8 U.S.C. § 1252 do not bar this action. Petitioner challenges the lawfulness of her *detention*, not any order of removal. Her removal order is not administratively final because her appeal to the Board of Immigration Appeals is pending, and in all events this Petition does not seek review of the merits of removal, only her continued custody. Section 1226(e) does not preclude review of constitutional claims or questions of law regarding the statutory framework governing her custody. See *Demore v. Kim*, 538 U.S. 510, 516–17 (2003); *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018).

8. This is an individual petition for habeas relief, not a request for class-wide injunctive relief, and is therefore unaffected by 8 U.S.C. § 1252(f)(1). See *Garland v. Aleman Gonzalez*, 596 U.S. 543 (2022).

## VENUE AND CUSTODIAN

9. Venue is proper in the Central District of California because Petitioner is detained at the Adelanto ICE Processing Center, located within this District, and her immediate custodian is present here. See *Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004) (immediate-custodian rule).

10. The Warden of the Adelanto ICE Processing Center is Petitioner's immediate custodian and a proper respondent. The remaining Respondents are named in their official capacities as officials with legal authority over Petitioner's custody.

## PARTIES

11. Petitioner Natalie Rouse Lopez Ortiz (A# 246-232-932) is a native and citizen of Peru currently detained at the Adelanto ICE Processing Center.

12. Respondent Warden, Adelanto ICE Processing Center, is Petitioner's immediate custodian.

13. Respondents Markwayne Mullin (Secretary of Homeland Security), Todd Blanche (Attorney General), and David Venturella (Acting Director, U.S.

Immigration and Customs Enforcement), are sued in their official capacities as officials responsible for Petitioner's detention.

## EXHAUSTION OF REMEDIES

14. There is no statutory exhaustion requirement for a petition under 28 U.S.C. § 2241. To the extent any exhaustion applies, Petitioner has satisfied it and further resort to the agency would be futile. Petitioner sought release before an Immigration Judge at a custody/bond hearing on or about April 10, 2026, and the Immigration Judge denied bond for lack of jurisdiction under INA § 235(b), holding Petitioner categorically ineligible for release under *Matter of Yajure-Hurtado*. Because that decision is binding on Immigration Judges and its vacatur is currently stayed, any appeal to the Board of Immigration Appeals would be futile: the agency deems Petitioner categorically ineligible for a bond hearing, and only this Court can afford the relief she seeks.

## STATEMENT OF FACTS

### A. Petitioner's Background and Pending Immigration Relief

15. Petitioner was born in Cusco, Peru, on December 4, 2005. Her father abandoned the family, and her mother came to the United States. Petitioner was raised primarily by her grandmother.

16. On October 30, 2024, the Superior Court of California, County of Los Angeles, issued Special Immigrant Juvenile findings (Case No.

24STPB06189), finding that reunification with Petitioner's father is not viable due to abandonment and neglect and that it is not in her best interest to return to Peru.

17. Petitioner filed Form I-360 on November 27, 2024. On or about April 28, 2025, USCIS approved Petitioner's SIJ petition. She is pursuing lawful permanent residence and awaits visa availability; a request for deferred action is pending.

18. Petitioner applied for asylum, withholding of removal, and CAT protection (Form I-589) in her removal proceedings before the Adelanto Immigration Court, grounded in country conditions in Peru, including threats from criminal and extortion networks. On July 9, 2026, the Immigration Judge denied that relief and ordered her removed; Petitioner has appealed to the Board of Immigration Appeals. She also retains an approved SIJ petition and a path to lawful permanent residence once a visa number becomes available. Her removal is therefore not reasonably foreseeable.

**B. Petitioner's Entry and Compliance**

19. Petitioner entered the United States without inspection on or about December 10, 2023. She was processed for expedited removal under INA § 235(b)(1); an asylum officer determined that she had established a credible fear of persecution or torture, and she was served a Notice to Appear (Form I-862) placing her in removal proceedings under INA § 240. She was

subsequently released from custody and, for approximately two years, reported for her ICE check-ins and complied with the conditions of her supervision, including ISAP/SmartLINK monitoring.

**C. The Accusation and Petitioner's Detention**

20. Petitioner was arrested on February 18, 2026 in connection with an alleged theft. On April 29, 2026, the Los Angeles County District Attorney filed a one-count felony complaint charging a violation of California Penal Code § 487(a) (grand theft) (People v. Lopez Ortiz, No. 26CJCF02643-01). Petitioner denies wrongdoing. She has **not** entered any plea, and there has been no arraignment, no conviction, no sentence, and no disposition; the criminal case has had no proceedings and reflects only an outstanding arrest warrant, Petitioner having remained in immigration custody throughout. Notably, this charge was filed on April 29, 2026, after the April 10, 2026 bond hearing, and was not the basis on which the Immigration Judge denied bond.

21. Respondents took Petitioner into immigration custody on March 4, 2026 and detain her at the Adelanto ICE Processing Center, where she has remained ever since, now approaching six months.

22. At a custody redetermination hearing on April 10, 2026, the Department of Homeland Security took the position, its *only* position, that the Immigration Judge lacked jurisdiction to set bond because Petitioner is subject to

mandatory detention under INA § 235(b), relying on *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), and the Ninth Circuit's March 31, 2026 stay in *Maldonado-Bautista*, which left that decision in effect. The Department did not argue that Petitioner is a danger to the community or a flight risk, and did not invoke the Laken Riley Act. The Immigration Judge denied bond solely for lack of jurisdiction under § 235(b), based on Petitioner's manner of entry, and reserved appeal. No individualized determination of danger or flight risk has ever been made, and Petitioner remains detained.

23. Petitioner's Notice to Appear expressly reflects that it was issued "after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture." She was thus screened out of expedited removal and into full § 240 proceedings on the basis of a positive credible-fear determination.

24. On July 9, 2026, the Immigration Judge ordered Petitioner removed. Petitioner reserved appeal and timely filed a Notice of Appeal (Form EOIR-26) to the Board of Immigration Appeals, which acknowledged receipt on August 5, 2026 and where the appeal remains pending. Because a timely appeal has been filed, the order of removal is **not administratively final**. See INA § 101(a)(47)(B), 8 U.S.C. § 1101(a)(47)(B). Execution of the order is stayed during the pendency of the appeal. 8 C.F.R. § 1003.6(a).

Because proceedings remain ongoing and removal is not imminent, Petitioner continues to be detained under INA § 236, 8 U.S.C. § 1226, not the post-final-order provision, INA § 241, 8 U.S.C. § 1231. See *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059–65 (9th Cir. 2008); *Casas-Castrillon v. DHS*, 535 F.3d 942, 947–48 (9th Cir. 2008).

**D. Community Ties and Suitability for Release**

25. Petitioner is neither a danger to the community nor a flight risk. She has a stable, fixed residence with her sponsor at 1260 Wilcox Avenue, Los Angeles, CA 90038. Her sponsor, Mr. Campos, has deep-rooted ties in the community and has pledged to ensure her appearance at all future proceedings. Petitioner also lives with her guardian, Fedra Filinich, and helps care for her brother, Waldemar, who has Down syndrome.

26. Petitioner has powerful incentives to appear: her **approved** SIJ petition provides a direct path to lawful permanent residence once a visa number becomes available, giving her every reason to remain in contact with the immigration authorities and the court. She is a student pursuing her education at the College of the Canyons, and for roughly two years before her re-detention she reported for her ICE check-ins and complied with the conditions of her supervision, including ISAP/SmartLINK monitoring. She has no criminal convictions of any kind; the sole pending charge remains unadjudicated.

## LEGAL BACKGROUND

### A. The Statutory Scheme Governing Immigration Detention

27. The Immigration and Nationality Act authorizes civil detention of noncitizens under several distinct provisions, and which provision applies determines whether the detainee is entitled to a bond hearing. INA § 236(a), 8 U.S.C. § 1226(a), governs the discretionary detention of noncitizens in pending removal proceedings and expressly authorizes release on bond or conditional parole. INA § 236(c), 8 U.S.C. § 1226(c), requires detention, without a bond hearing, of noncitizens who fall within specifically enumerated criminal and security categories; the Laken Riley Act, Pub. L. No. 119-1 (2025), added § 236(c)(1)(E), reaching persons charged with, arrested for, convicted of, or who admit to acts constituting the essential elements of burglary, theft, larceny, shoplifting, assault of a law-enforcement officer, or a crime causing death or serious bodily injury, "as defined in the jurisdiction where the acts occurred." INA § 235(b), 8 U.S.C. § 1225(b), governs the inspection and detention of "applicants for admission." Which provision applies is dispositive here: only under the agency's reading of § 235(b) is a bond hearing categorically unavailable, whereas under § 236(a) an individualized bond hearing is required.

28. A fourth provision, INA § 241, 8 U.S.C. § 1231, governs detention only *after* an order of removal becomes administratively final. An order is not

final while a timely appeal to the Board of Immigration Appeals is pending. INA § 101(a)(47)(B), 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1003.6(a). Because Petitioner's timely appeal is pending, § 241 does not apply, and her detention is governed by § 236. See *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062–65 (9th Cir. 2008); *Casas-Castrillon v. DHS*, 535 F.3d 942, 947–48 (9th Cir. 2008).

**B. The § 235(b) Mandatory-Detention Theory and the Pending Litigation**

29. Beginning in 2025, the Department of Homeland Security advanced a novel reading of § 235(b)(2)(A) that treats noncitizens who entered without inspection, including those, like Petitioner, who were screened into full § 240 proceedings and released long before any re-detention, as "applicants for admission" subject to detention without any bond hearing. The Board of Immigration Appeals adopted that reading in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), holding that Immigration Judges lack jurisdiction to consider bond for such noncitizens.

30. Federal courts have widely rejected the Government's position. In *Maldonado-Bautista v. U.S. Department of Homeland Security*, No. 5:25-cv-01873 (C.D. Cal.), this District certified a class, held the policy unlawful, and held that noncitizens in Petitioner's position are detained under § 1226(a), not § 1225(b)(2), and are entitled to bond hearings. The Ninth Circuit stayed that class-wide judgment pending appeal on March 31,

2026, which temporarily leaves *Yajure-Hurtado* in effect at the agency level, but the stay does not resolve the merits and does not bind this Court's independent, de novo interpretation of the statute. See *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).

31. Most significantly, the Ninth Circuit has now squarely resolved this question in a published, precedential decision. In *Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026), the court held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention" regime of 8 U.S.C. § 1226, *not* § 1225(b)(2)(A), and are therefore eligible for release on bond under § 1226(a). That holding is binding on this Court and forecloses the § 1225(b)(2)(A) theory adopted in *Matter of Yajure-Hurtado* on which the Immigration Judge relied. It also confirms that, post-*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), the agency's contrary interpretation is owed no deference. The Second, Sixth, and Eleventh Circuits have reached the same result; the Fifth and Eighth have sided with the Government, but in this Circuit the question is settled.

**C. Constitutional Limits on Civil Immigration Detention**

32. "Freedom from imprisonment, from government custody, detention, or other forms of physical restraint, lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Civil

detention comports with due process only where it bears a reasonable relation to a legitimate, non-punitive purpose and is accompanied by adequate procedural safeguards. *Id.* at 690–91.

33. The Supreme Court has sustained no-bond mandatory detention only for narrow categories, most notably noncitizens with criminal *convictions* who conceded removability, for the brief and definite period of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 513, 531 (2003). In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Court rejected a statutory-avoidance rule requiring periodic bond hearings but expressly declined to reach, and remanded, the constitutional questions, which remain fully available to Petitioner. *Id.* at 313–14.

34. In the Ninth Circuit, noncitizens detained under § 236(a) are entitled to an individualized bond hearing, and prolonged detention heightens the constitutional concern. See *Casas-Castrillon v. DHS*, 535 F.3d 942 (9th Cir. 2008); *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008); *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011); *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022); *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). At such a hearing, the Immigration Judge weighs whether the noncitizen is a danger to the community or a flight risk under the factors set out in *Matter of Guerra*, 25 I&N Dec. 37 (BIA 2006), the very inquiry Petitioner has been categorically denied.

## CLAIMS FOR RELIEF

**COUNT ONE: Unlawful Detention: Petitioner Is Detained Under § 236(a) and Is Entitled to a Bond Hearing (Statutory)**

35. Section 236(a) supplies the default detention authority for a noncitizen in pending § 240 proceedings who is neither subject to mandatory detention under § 236(c) nor properly detained as an applicant for admission under § 235(b), and it guarantees an opportunity for release on bond before a neutral Immigration Judge. Whether § 236(a) or § 235(b) governs Petitioner's custody is a pure question of law, which this Court reviews *de novo* and as to which it owes the agency no deference. *Loper Bright*, 603 U.S. 369.

36. Petitioner realleges all prior paragraphs. Petitioner entered without inspection, was screened through expedited removal, established a credible fear of persecution, and was placed in ordinary § 240 removal proceedings; she was then released and complied with conditions of supervision for an extended period before being re-detained. She is therefore detained under INA § 236(a), 8 U.S.C. § 1226(a), not as an "applicant for admission" under § 235(b), and is eligible for release on bond. The Immigration Judge's ruling that the court lacked jurisdiction under § 235(b), resting on *Matter of Yajure-Hurtado*, misconstrues the governing detention authority and is contrary to law.

37. The Immigration Judge's jurisdictional determination was error on the face of the statute. The Department's theory, adopted by the Immigration Judge, is that Petitioner is an "applicant for admission" detained under INA § 235(b)(2)(A). But § 235(b)(2)(A) applies only "[s]ubject to subparagraph[] (B)," and subparagraph (B) expressly removes from its reach any alien "to whom paragraph (1) applies":

> (A) In general. Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.
>
> (B) Exception. *Subparagraph (A) shall not apply* to an alien: (i) who is a crewman, (ii) *to whom paragraph (1) applies*, or (iii) who is a stowaway.

*8 U.S.C. § 1225(b)(2)(A)–(B) (INA § 235(b)(2)) (emphasis added).*

38. Paragraph (1), § 235(b)(1), 8 U.S.C. § 1225(b)(1), governs aliens placed in expedited removal and referred for a credible-fear interview; where "the officer determines … that an alien has a credible fear of persecution …, the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). Petitioner is indisputably "an alien to whom paragraph (1) applies": she was processed for expedited removal

under § 235(b)(1), and, as her Notice to Appear affirmatively recites, an asylum officer found that she had "demonstrated a credible fear of persecution or torture."

39. By the statute's plain terms, therefore, § 235(b)(2)(A) "shall not apply" to Petitioner. The very provision on which the Immigration Judge and the Department relied does not reach her, and the jurisdictional premise of the April 10, 2026 order is mistaken. Having been referred into § 240 proceedings following a positive credible-fear determination, and then released, Petitioner is detained under § 236(a); the Immigration Judge both had jurisdiction over, and was obligated to conduct, an individualized bond hearing. His contrary ruling was legal error.

40. This conclusion is now compelled by binding Ninth Circuit precedent. In *Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026), the court held that unadmitted noncitizens apprehended in the interior of the United States "are subject to the detention" regime of § 1226, *not* § 1225(b)(2)(A), and are eligible for bond under § 1226(a). The Immigration Judge's ruling rested on precisely the § 1225(b)(2)(A) theory (via *Matter of Yajure-Hurtado*) that *Rodriguez Vazquez* forecloses. This Court reviews the governing statutory question *de novo*, *Loper Bright*, 603 U.S. 369, and is bound by *Rodriguez Vazquez*; the earlier stay of the class-wide judgment in *Maldonado-Bautista v. DHS*, No. 5:25-cv-01873 (C.D. Cal.), neither bars

Petitioner's individual habeas relief nor survives the Circuit's published resolution of the same question.

41. Moreover, Petitioner was placed in § 240 removal proceedings only after establishing a credible fear of persecution. A noncitizen who is screened into full removal proceedings following a positive credible-fear determination is not held as an "arriving" applicant under § 235(b) but is detained under § 236(a) and remains eligible for a bond hearing. Petitioner is entitled to an order directing an individualized bond hearing before an Immigration Judge under § 236(a).

**COUNT TWO: Even If § 235(b) Governs, Prolonged Detention Without Any Bond Hearing Violates Due Process (Fifth Amendment)**

42. Petitioner realleges all prior paragraphs. Even assuming Petitioner were properly classified as an "applicant for admission" detained under § 235(b), the Due Process Clause independently forbids her prolonged detention without an individualized custody hearing. The Supreme Court left this precise constitutional question open in *Jennings*, 583 U.S. at 313–14, and the due-process limits recognized in *Zadvydas* do not evaporate because the Government invokes § 235(b). A detention scheme that authorizes indefinite confinement of a noncitizen with a bona fide claim to relief, without ever affording a hearing on danger or flight risk, cannot be squared with the Fifth Amendment.

43. As applied to Petitioner, the constitutional defect is stark. She has been detained continuously since March 4, 2026; she established a credible fear of persecution; she holds an approved SIJ petition and a path to lawful permanent residence; her removal is not reasonably foreseeable; and no adjudicator has *ever* made an individualized finding that she is dangerous or a flight risk. Her continued no-bond detention is therefore unconstitutional regardless of whether § 235(b) or § 236(a) supplies the statutory authority, and due process requires an individualized bond hearing.

**COUNT THREE: In the Alternative, the Laken Riley Act Cannot Sustain No-Bond Detention Here**

44. Petitioner realleges all prior paragraphs. The Department did not invoke the Laken Riley Act at Petitioner's bond hearing; the Immigration Judge's no-bond ruling rested exclusively on INA § 235(b). To the extent Respondents now rely on INA § 236(c)(1)(E), as amended by the Laken Riley Act, based on the pending grand-theft charge, that reliance fails for independent reasons and, in all events, concedes that Petitioner is detained under § 236, not § 235(b).

45. First, if § 236(c) governs, Petitioner is entitled to a hearing before an Immigration Judge to determine whether she is "properly included" within the mandatory-detention category, a determination the Immigration Judge

*does* have jurisdiction to make. See *Matter of Joseph*, 22 I&N Dec. 799 (BIA 1999). The § 235(b) ruling denied Petitioner even that process.

46. Second, and most important, even if § 236(c) applies to a charged-but-unconvicted person, subjecting Petitioner to mandatory detention with no bond hearing on the basis of an *unadjudicated* felony complaint, on which she has not been arraigned, has entered no plea, and stands presumed innocent, cannot be squared with due process. The only mandatory-detention regime the Supreme Court has upheld applied to noncitizens with *convictions* who conceded removability. See *Demore v. Kim*, 538 U.S. 510 (2003). Petitioner has no conviction, no sentence, and no disposition of any kind.

47. A court has already reached exactly this conclusion on materially identical facts. In *Doe v. Moniz*, No. 1:25-cv-12094-IT (D. Mass. Sept. 5, 2025), *appeal dismissed*, No. 25-2095 (1st Cir. Nov. 25, 2025), the petitioner, a noncitizen who entered without inspection, was released, obtained approved Special Immigrant Juvenile status, and was then detained under § 1226(c)(1)(E) following a theft-related arrest with no conviction, was ordered released to a bond hearing. The court held that the Supreme Court's approval of mandatory detention in *Demore* and *Zadvydas* rested on prior *convictions* "obtained following the full procedural protections our criminal justice system offers," and that "[n]either case justifies detention without due

process for an individual who has not been convicted of a crime." The Government appealed that ruling and then voluntarily dismissed its appeal; the decision stands undisturbed.

48. Applying *Mathews v. Eldridge*, 424 U.S. 319 (1976), *Doe* found each factor favored release: a paramount liberty interest, a high risk of erroneous deprivation from detention on an unadjudicated accusation unrelated to danger or flight, and no legitimate public interest in jailing a community member with no conviction. The same is true here.

**COUNT FOUR: Procedural Due Process: No Individualized Determination of Danger or Flight Risk (Fifth Amendment)**

49. Petitioner realleges all prior paragraphs. Procedural due process requires, at a minimum, that before the Government subjects a noncitizen to prolonged civil detention it afford her an individualized hearing at which a neutral adjudicator determines whether her detention is justified by danger to the community or risk of flight. Petitioner has received no such hearing. At the only custody proceeding she was afforded, the Immigration Judge denied bond *for lack of jurisdiction*, expressly declining to consider danger or flight risk at all, and the Department did not even argue that Petitioner is dangerous or a flight risk.

50. The narrow authority to detain without such a hearing recognized in *Demore* rested on a criminal *conviction* and the detainee's concession of

removability; it does not extend to a noncitizen held on an unadjudicated accusation. Petitioner has no conviction, has entered no plea, and stands presumed innocent. Detaining her indefinitely without any individualized custody determination violates the Due Process Clause.

51. The April 10, 2026 proceeding does not supply the process due. That the Immigration Judge convened a "custody redetermination" does not make it a constitutionally adequate hearing: the Immigration Judge disclaimed jurisdiction under § 235(b) and never reached the merits of Petitioner's custody. And to the extent Respondents contend that Petitioner already received her hearing, the April 10 proceeding was constitutionally insufficient for at least five reasons: (i) no neutral adjudicator actually decided the custody question, which was dismissed on jurisdictional grounds; (ii) the wrong legal standard was applied (categorical ineligibility under § 235(b), rather than the required individualized inquiry); (iii) no determination of danger or flight risk under *Matter of Guerra*, 25 I&N Dec. 37 (BIA 2006), was ever made; (iv) the Government was never put to its burden of justifying continued detention by clear and convincing evidence, see *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011); and (v) the proceeding produced *no finding whatsoever* that Petitioner's detention is justified. A hearing at which the adjudicator refuses to adjudicate is not the

"meaningful" opportunity to be heard that due process requires, and, five months on, it cannot justify Petitioner's ongoing confinement.

52. The process the Constitution requires is measured by the three factors of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and the Ninth Circuit requires adequate procedural safeguards at bond hearings for prolonged detention, including that the Government bear the burden of justifying continued detention by clear and convincing evidence. See Singh v. Holder, 638 F.3d 1196, 1203–04 (9th Cir. 2011). District courts in this Circuit have recently applied *Mathews* to noncitizens detained under the Laken Riley Act's § 1226(c)(1)(E) and ordered bond hearings. See *Bustos v. Warden, Mesa Verde Det. Ctr.*, No. 1:26-cv-02046-KES-EPG-HC (E.D. Cal. Aug. 14, 2026); *Yanez v. U.S. Dep't of Homeland Sec.*, No. 1:26-cv-05258-TLN-SCR (E.D. Cal. Aug. 14, 2026) (petitioner arrested for shoplifting and detained under § 1226(c)(1)(E) for over six months without a bond hearing). Each factor favors Petitioner.

53. First, the private interest is "the most elemental of liberty interests, the interest in being free from physical detention," *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); see *Zadvydas*, 533 U.S. at 690, and Petitioner has now been confined for nearly six months with no end in sight. Second, the risk of erroneous deprivation is acute and the value of the missing safeguard is high: her detention rests on a jurisdictional dismissal that produced no

individualized determination and on an unadjudicated theft charge that bears no relationship to dangerousness or flight, and the obvious, low-cost safeguard, an individualized bond hearing at which the Government bears the burden, would very likely result in release given her approved SIJ petition, her community ties, her lack of any conviction, and the Government's failure ever to assert that she is a danger or flight risk. Third, the Government's interest cannot outweigh the first two: it has advanced no danger or flight rationale, Petitioner's approved SIJ petition gives her every incentive to appear, and the administrative burden of a bond hearing is negligible. "[O]nce the flight risk justification evaporates, the only special circumstance [] present is the alien's removable status itself, which bears no relation to a detainee's dangerousness." *Zadvydas*, 533 U.S. at 691–92. The *Mathews* factors weigh decisively for Petitioner: due process requires, at a minimum, an individualized bond hearing, and on this record it requires her release.

**COUNT FIVE: Substantive Due Process: Prolonged Detention Without Reasonably Foreseeable Removal (Fifth Amendment)**

54. Petitioner realleges all prior paragraphs. Civil detention violates substantive due process when it is no longer reasonably related to its purpose of securing removal. *Zadvydas*, 533 U.S. at 690–91, 699–701. Petitioner has now been detained since March 4, 2026 which approaches six months. Courts have

long treated the six-month mark as the point at which immigration detention becomes *prolonged* and can no longer be presumed reasonable. See *Zadvydas*, 533 U.S. at 701 (six-month presumption); *Casas-Castrillon v. DHS*, 535 F.3d at 948–51 (prolonged § 1226 detention). While the six-month point does not by itself compel release, it weighs heavily, and it removes any presumption that Petitioner's continued confinement is reasonable. Petitioner will cross the six-month threshold during the pendency of this Petition, and the reasonableness of her detention is properly assessed as of the time of decision, by which point her detention will be indisputably prolonged.

55. Here, that heavy factor combines with the complete absence of any justification for detention. Petitioner's removal is not reasonably foreseeable, her asylum appeal is pending before the Board (during which removal is automatically stayed), she holds an approved SIJ petition awaiting only visa availability, and any adverse decision would likely be followed by a petition for review. No adjudicator has ever found her to be a danger or a flight risk; the Department did not even argue as much. Because her prolonged confinement bears no reasonable relation to any legitimate, non-punitive purpose and rests on no individualized justification whatsoever, Petitioner should be released under reasonable conditions of supervision; at an absolute minimum, she is entitled to an individualized bond hearing at which the Government bears the burden of justifying her continued detention.

56. Critically, the continuation of Petitioner's detention is not speculative but concrete and evidence-based. Her removal cannot occur while her Board appeal is pending, an appeal that, with any ensuing petition for review, will take many months to resolve, and even a favorable resolution leaves her awaiting a visa number for SIJ-based adjustment that is subject to a lengthy, government-administered backlog. Her detention is therefore certain to extend well beyond six months for reasons unrelated to any dilatory conduct on her part; she is pursuing bona fide relief, and the visa unavailability is a systemic condition, not delay of her making. Courts in this Circuit have granted relief to noncitizens detained under § 1226(c)(1)(E) for comparable periods without a bond hearing. See *Bustos v. Warden, Mesa Verde Det. Ctr.*, No. 1:26-cv-02046-KES-EPG-HC (E.D. Cal. Aug. 14, 2026) (recommending the writ issue and an individualized bond hearing with the Government bearing the clear-and-convincing burden); *Yanez v. U.S. Dep't of Homeland Sec.*, No. 1:26-cv-05258-TLN-SCR (E.D. Cal. Aug. 14, 2026). This is not a case, like *Dioumassy v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-04174 (E.D. Cal. Aug. 17, 2026), in which a petitioner rested on speculation that detention *might* become prolonged; here the record establishes that it will.

**IRREPARABLE HARM AND REQUEST FOR EXPEDITED CONSIDERATION**

57. Every additional day of unlawful detention is a distinct and irreparable deprivation of Petitioner's liberty that cannot later be undone. Petitioner, a 20-year-old with an approved SIJ petition, strong community ties, and no criminal conviction, has already been held since March 4, 2026, nearly six months, confined at a remote detention facility, separated from the family she helps support, and unable to appear in her pending criminal matter, which only perpetuates her confinement. Because the harm is ongoing and the legal questions are ripe, Petitioner respectfully requests that the Court order expedited briefing and consideration, and direct Respondents to show cause on a shortened schedule why the writ should not issue.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

58. Assume jurisdiction over this matter;

59. Issue a writ of habeas corpus and order Respondents to release Petitioner immediately from custody under reasonable conditions of supervision, her

detention having become prolonged and resting on no individualized justification;

60. In the alternative, order Respondents to provide Petitioner, within seven (7) days, a constitutionally adequate individualized bond hearing before an Immigration Judge at which she is treated as eligible for release under INA § 236(a) and at which the Government bears the burden of justifying her continued detention by clear and convincing evidence;

61. Issue an order to show cause directing Respondents to justify Petitioner's continued detention on an expedited schedule;

62. Declare that Petitioner's detention without a constitutionally adequate bond hearing violates the INA and the Fifth Amendment;

63. Award Petitioner reasonable attorneys' fees and costs under the Equal Access to Justice Act; and

64. Grant such other and further relief as the Court deems just and proper.

Dated: August 19, 2026

Respectfully submitted,

/s/ Alejandro Barajas
ALEJANDRO BARAJAS (SBN: 305870)
1930 Wilshire Boulevard, Suite 1207
Los Angeles, CA 90057

Phone: (323) 522-4188
Fax: (323) 849-3394
Email: alejandro@barajaslawoffice.com

*Attorney for Petitioner*

**VERIFICATION**

I, Alejandro Barajas, declare under penalty of perjury under the laws of the United States that I am counsel for Petitioner in the above-captioned matter; that I have prepared this Petition and reviewed the records in Petitioner's case; that the factual allegations are true and correct to the best of my knowledge, information, and

belief; and that Petitioner is detained and unable to verify this Petition personally.

Executed on August 19, 2026 at Los Angeles, California.

/s/ Alejandro Barajas
ALEJANDRO BARAJAS (SBN: 305870)